IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WEBB ANDERSON, AS THE SURVIVING CHILD OF JESSE JAMES ANDERSON, DECEASED, AND DONNA ANDERSON, AS ADMINISTRATOR OF THE ESTATE OF JESSE JAMES ANDERSON,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL ACTION FILE NO:<br>1:21-cv-03226-AT |

## PLAINTIFFS' UPDATED BRIEF ON APPROPRIATE SANCTIONS

The full extent of the Government's discovery abuse and misconduct in this litigation is still not fully known—and likely, it will never be. Of note, in the last four days, the Government has provided several new emails from key providers involved in the events surrounding Mr. Anderson's death. Doc. 212-2, New Brewster Emails; Doc. 212-3, Email from Defense Counsel. The Government has also announced that it will, *now,* undertake a search of key witness emails—a task that should have been done years ago—not the week before the pre-trial conference and fewer than three weeks before trial. This Brief asks for a remedy

that is most appropriate *now* in the litigation given the shifting and changing posture of the case and the changing positions of the Government.

## FACTUAL BACKGROUND AND POSTURE OF THE CASE

When Plaintiffs first filed their Motion for Sanctions, the Government was still concealing critical evidence that it had from Day One of this litigation so that it could maintain its liability and causation defenses. It was only after the Court made it clear that such concealment was unjustified and forced the disclosure of these numerous documents that the Government conceded liability. The Government's current offer to stipulate liability and causation rings hollow, as it never had a defense to either of these issues. However, the Government continues to offer opposition to Plaintiffs' Motion to Amend the Complaint by way of its Motion to Dismiss and to the amount of Plaintiffs' requested damages, even though part of the evidence it concealed precluded Plaintiffs from knowing the full extent of Mr. Anderson's suffering.

While the admission of liability and causation is the right thing to do – it's done for the wrong reason. The admission is done simply to avoid any meaningful sanctions. The history of the case is plain: the Government has only done what it wanted, when it wanted. It does not intend to change that fundamental approach to the case. The Government wants to now concede liability and causation, avoid any sanctions and defend the case on damages and a non-applicable cap. If that is the

ultimate outcome, the Government will have imposed hardship on Plaintiffs, the Court and the system with impunity and will be sure to repeat this unethical behavior in future cases.

Plaintiffs ask that the Court consider the sanctions motions under the following framework, one that is mandated by the law and logic:

1. Is the conduct of the Government and its lawyers acceptable or deserving of sanctions?

2. If deserving of sanctions, what remedy best accomplishes the purpose of sanctions?

## ARGUMENT AND CITATION OF AUTHORITY

### *1. Is the conduct of the Government and its lawyers acceptable or deserving of sanctions?*

Plaintiffs will not reargue the conduct of the Government or its lawyers. Plaintiffs submit that, based on the record, the Government and its lawyers' conduct was abusive and that such misconduct (the concealment of dozens of damning, unprotected documents deliberately concealed, with the falsification of sworn testimony) is clearly deserving of the harshest sanctions. Plaintiffs also note that they have been significantly disadvantaged throughout the case by the actions of both the Government and its lawyers.

## 2. *If deserving of sanctions, what remedy best accomplishes the purpose of sanctions?*

As the Court is aware, sanctions "must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 753 (1980). Allowing the Government to maintain a defense on damages means that it will suffer no penalty and will continue to do as it prefers. Retaining the right to choose is the opposite of punishment. In fact, the loss of one's freedom of choice is a fundamental tenet of punishment.

The Government should not be allowed to continue to do as it pleases. With respect to the Government's case, the Court should strike all of the Government's defenses pertaining to damages including its opposition to the Motion to Amend. Such a remedy fits the misconduct. The Government's intent in the case was to deny any financial recovery whatsoever to Plaintiffs—to send them away with zero dollars. In fact, the Government concealed documents and evidence that directly related to the extent of Mr. Anderson's conscious pain and suffering. Hiding those documents affected Plaintiffs' original claim amount as well as the evidence they had available to them during discovery. Hence, the Government's opposition to the amended claim amount, and to the amount itself, should be stricken.

Plaintiffs should also be compensated for having to confront a disingenuous liability defense for years.

Finally, with respect to the misconduct of the Government's lawyers, the Court should impose sanctions against each lawyer involved and recommend them for discipline to their respective Bars.

Respectfully submitted, this 22nd day of July, 2024.

/s/ Matthew E. Cook
Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Nathan Nicholson
Georgia Bar No. 390553
Joshua L. Bearden
Georgia Bar No. 148312
Attorneys for Plaintiffs
Cook Law Group, LLC
P.O. Box 2415
Gainesville, Georgia 30503
Telephone: (678) 928-3899
Email: matt@cook-lawgroup.com
kate@cook-lawgroup.com
nathan@cook-lawgroup.com
josh@cook-lawgroup.com

Justin Berelc
Georgia Bar No.790638
Attorney for Plaintiffs
Berelc Law Office, P.C.
P.O. Box 786
Lavonia, GA 30553
Telephone: (706) 536-0518
Email: justin@berelclawoffice.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WEBB ANDERSON, AS THE SURVIVING CHILD OF JESSE JAMES ANDERSON, DECEASED, AND DONNA ANDERSON, AS ADMINISTRATOR OF THE ESTATE OF JESSE JAMES ANDERSON, <br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | * * * * * * * * * * * * * * * | CIVIL ACTION FILE NO: 1:21-cv-03226-AT |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2024, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Ryan Buchannan United States Attorney
Andres Sandoval
Assistant U.S. Attorney
600 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303
Andres.Sandoval@usdoj.gov
*Attorneys for Defendant The United States of America*

Dated this, the 22nd day of July, 2024.

*/s/ Matthew E. Cook*
Matthew E. Cook
Kate S. Cook
Nathan R. Nicholson
Joshua L. Bearden